IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Juan Perez | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | CIVIL ACTION NO. **B- 0 3 - 2 2 5 .** |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | |

---

## INDEX OF EXHIBITS

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES **City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity,** Defendants herein, and, in accordance with the Local Rules for the United States District Court for the Southern District of Texas governing removal of civil actions, file this their Index of Exhibits and would submit with the Court the following:

1. Plaintiff's Original Petition

2. Defendants' Original Answer

3. Order Setting Hearing on Defendants' Special Exceptions

4. Defendant Gomez's Original Answer

5.      Defendants' First Amended Original Answer

6.      Plaintiff's First Amended Original Petition

7.      Certified Docket Sheet

8.      List of Parties

Signed on December 16, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Charles Willette Jr._
Charles Willette, Jr.
State Bar No. 21509700
USDC No.  1937

Melanie A. Moore
State Bar No. 24014281
USDC No. 32748

**Attorneys for Defendants City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Index of Exhibits has on December 16, 2003, been forwarded via certified mail, return receipt requested to:

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539
*Attorney for Plaintiff*

Mr. Michael Scott
P.O. Box 1424 W. Price No. 605
Brownsville, Texas 78520
*Attorney for Co-Defendant Francisco Gomez*

Charles Willette Jr.



COPY

CAUSE NO. 2003-08-4166-G

| | | |
|---|---|---|
| JUAN PEREZ | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, | § | 404 JUDICIAL DISTRICT |
| TEXAS; BEN REYNA, INDIVIDUALLY, | § | |
| AND IN HIS OFFICIAL CAPACITY | § | |
| AS FORMER CHIEF OF POLICE; | § | |
| CARLOS GARCIA, INDIVIDUALLY, | § | |
| AND IN HIS OFFICIAL CAPACITY | § | |
| AS CHIEF OF POLICE; JAMES | § | |
| PASCHAL, INDIVIDUALLY, AND | § | |
| IN HIS OFFICIAL CAPACITY; | § | |
| AND FRANCISCO GOMEZ | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK
AURORA DE LA GARZA CLERK
AUG 18 2003
DISTRICT COURT OF CAMERON COUN
DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUAN PEREZ, plaintiff, complaining of THE CITY OF BROWNSVILLE,

TEXAS; BEN REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER CHIEF OF

POLICE; CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF

POLICE; JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY and FRANCISCO

GOMEZ defendants, and for cause of action shows:

I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure.

II.
### PARTIES

1. Plaintiff, JUAN PEREZ (PEREZ) is an individual residing in Cameron County, Texas.

2. Defendant, THE CITY OF BROWNSVILLE, TEXAS (CITY) is a municipal corporation duly

incorporated under the laws of the State of Texas, and operating within its geographical boundaries

as authorized by its charter.  Service may be had upon CITY by serving the City Secretary Inelda

T. Garcia at the City Secretary's Office located at 1001 East Elizabeth Street, Brownsville, Cameron County, Texas.

3. Defendant, BEN REYNA, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS FORMER CHIEF OF POLICE, (REYNA) at all times relevant to this lawsuit, was the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. REYNA may be served at his place of employment US Marshals Service, 600 Army Navy Drive, #1200, Arlington, Virginia, 22202; (703) 274-2013.

4. Defendant, CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, (GARCIA), is the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. GARCIA may be served at his place of employment, the Brownsville Police Department, 600 East Jackson Street, Brownsville, Cameron County, Texas.

5. Defendant, JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, (PASCHAL) at all times relevant to this lawsuit, was the internal affairs investigator for the City of Brownsville Police Department responsible for the management and affairs of the internal investigation of JUAN PEREZ. PASCHAL may be served at his place of employment the Brownsville Police Department, 600 East Jackson Street, Brownsville, Cameron County, Texas.

6. Defendant FRANCISCO GOMEZ (GOMEZ) is an individual residing in Cameron County, Texas. Service may be had upon GOMEZ at his place of employment, Pancho's Lounge, 2255 Central Boulevard, Brownsville, Cameron County, Texas.

III.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court for the reason that all or a substantial part of the events or omissions occurred in Cameron County, Texas, and because at least one defendant is located in Cameron County, Texas.

8. The sums and damages herein alleged are within the jurisdictional limits of the Court.

9. No federal claims are made herein.

IV.

FACTS

10. At all times relevant to this lawsuit, PEREZ was employed as a police officer with the Brownsville Police Department.

11. At all times relevant to this lawsuit up to and including July 2001, REYNA was the duly appointed chief of police of the Brownsville Police Department.

12. At all times relevant to this lawsuit from August 2001 to the present, GARCIA has been the duly appointed chief of police of the Brownsville Police Department.

13. On or about May 9, 2000, PEREZ was working the graveyard shift and was out on patrol within the City of Brownsville, Texas. While on patrol, PEREZ observed a vehicle unsafely and unlawfully parked next to a fire hydrant at the intersection of 14th Street and Arthur Street. Also located at this intersection was a bar known as the "El Rincon de Pancho Bar", which was owned and operated by GOMEZ. As PEREZ was performing his official duties in trying to locate the owner of the illegally parked vehicle, GOMEZ approached him and interfered with his work. GOMEZ became belligerent and hostile. PEREZ requested that GOMEZ step away from him, and at that point, GOMEZ got into close proximity with PEREZ, such that PEREZ smelled the odor of alcoholic beverage about GOMEZ, and observed his physical characteristics and mannerisms which indicated that GOMEZ was intoxicated. After some effort, PEREZ was able to convince GOMEZ to go back into his bar. The vehicle owner voluntarily left the area in his car.

14. Later that night at about 2:00 a.m. while still on his shift, PEREZ was finishing paperwork concerning the booking of a prisoner at the city jail. While still at the city jail, PEREZ was advised out of courtesy by Officer Oscar Trevino that someone was in the front lobby of the police station wanting to speak to a supervisor about him. Officer Trevino was working relief for Officer Lonnie Cook who was the officer assigned to work the information booth in the front lobby of the police station. While still at the city jail, he received another call from Officer Cook that there was a male in the lobby. PEREZ advised that he would make his way to the front lobby. As

PEREZ made his way to the front lobby, he met up with Officer Trevino who told him that the individual in the front lobby was publicly intoxicated.

15.  PEREZ arrived at the front booth where Officer Cook pointed out the male individual leaning up against a pillar in the lobby.  PEREZ recognized the individual as GOMEZ who was the person he had made contact with at the bar earlier in evening.  PEREZ proceeded to make contact with GOMEZ in the lobby.  Upon making contact with GOMEZ, PEREZ had an opportunity to observe GOMEZ and he determined that GOMEZ was showing signs of being intoxicated. Specifically, PEREZ noticed that GOMEZ exhibited the classic elements of intoxication such as red, bloodshot eyes, slurred speech, the odor of about him, and unsteady balance.  PEREZ then asked GOMEZ how he had arrived at the station and how much he had to drink.  GOMEZ responded that he had four or five and that he had arrived in his vehicle.  PEREZ observed GOMEZ to be holding the keys to his vehicle in his hand.  At that point, after evaluating, observing and interviewing GOMEZ, PEREZ concluded that GOMEZ met the elements of public intoxication, including posing a danger to himself or others if allowed to leave in his intoxicated state, and placed GOMEZ under arrest for public intoxication.

16.  While PEREZ was arresting GOMEZ at the front lobby, no other officer nor civilian was in the immediate vicinity of the arrest and in a position to perceive and later describe any sensory observations of GOMEZ at the time that the arrest was made.  The only individual making an evaluation or assessment of whether or not GOMEZ was intoxicated at the time of his arrest was PEREZ.

17. Shortly after the arrest, Lieutenant WILLIAM INGRAM (INGRAM), the shift commander, who was not present at the time of the arrest and Commander RANDY DUNN (DUNN), who was at home at the time of the arrest and never observed GOMEZ, made the decision to release GOMEZ on bond in less than the four hours that a publicly intoxicated person is usually held in custody. DUNN ordered that GOMEZ not be allowed to drive himself home and had someone drive him home.

18.  The morning after the arrest, PASCHAL, the sergeant in charge of the Brownsville Police Department Internal Affairs Division (IA), met with REYNA and DUNN whom informed him of the arrest of GOMEZ. PASCHAL was ordered by REYNA to start an investigation and to contact the Municipal Court to have the charge against GOMEZ dropped.  PASCHAL began his investigation about one week after receiving the order to investigate. REYNA had full access to all of the material gathered by IA.

19.  Within a week of receiving the order to investigate from REYNA, and before beginning a meaningful investigation into the allegations, PASCHAL met with the Municipal Court Prosecutor and told him that they felt the GOMEZ arrest was a bad arrest.  As a result of that meeting, the charge against GOMEZ was dismissed.

20.  PASCHAL decided that the case against PEREZ needed to be pursued allegedly because PEREZ made an improper and unlawful arrest.  Throughout the course of the investigation, PASCHAL received guidance from REYNA.

21.  Based upon the alleged evidence gathered by PASCHAL and presented to REYNA, REYNA indefinitely suspended PEREZ from his duties and employment with the Brownsville Police Department on July 25, 2000.  An indefinite suspension is the equivalent of a termination in a department operating under civil service.  REYNA also made statements to the local newspaper, Brownsville Herald, calling PEREZ a liar and a discredit to himself, the department and law enforcement, in general.

22.  Pursuant to applicable Civil Service rules, PEREZ appealed the suspension to an independent arbitrator (ARBITRATOR).  PEREZ appealed on the basis that the suspension was unlawful, without merit and unsupported by the evidence.

23. In arresting GOMEZ for Public Intoxication, PEREZ was performing his duty as a sworn police officer in the State of Texas as he was trained to do and as prescribed by Texas Law.  The arrest was lawful, supported by the evidence and met all of the elements of Public Intoxication as

defined by the Penal Code. All of PEREZ' actions on the night in question were performed in good faith, in good judgment, and in the manner and to the extent that he was trained.

24. On January 2001, an arbitration hearing was held in connection with PEREZ' appeal. At the hearing, the City presented the testimony of at least seven witnesses, none of whom were in close proximity to GOMEZ at the time of the arrest, in support of PASCHAL's and REYNA's contention that PEREZ' arrest of GOMEZ was unlawful. The threshold issue for the ARBITRATOR in making his decision was whether or not PEREZ, in good faith, believed GOMEZ was intoxicated. After several days of testimony and consideration of briefs from the City and PEREZ, including briefing on the elements of public intoxication, the ARBITRATOR concluded that PEREZ had probable cause to determine that GOMEZ was intoxicated.

25. On June 19, 2001, after nearly a year of PEREZ being unemployed, the ARBITRATOR ordered PEREZ reinstated to his position and made whole for all lost wages and benefits.

26. However, PEREZ' reinstatement was short-lived. In fact, PEREZ never made it back to duty. The Defendants had failed at their attempt to end PEREZ' career administratively. Nonetheless, despite the clear lack of evidence or probable cause to believe that the GOMEZ arrest was unlawful, the Defendants, within days of the arbitration award reinstating PEREZ, enlisted the assistance of the of the Cameron County District Attorney's office to prosecute PEREZ for his arrest of GOMEZ. Coincidently, within days of the Arbitration Award reinstating PEREZ and over a year after the alleged incident, PEREZ was indicted by the Cameron County District Attorney's Office. PEREZ was once again suspended from his duties.

27. During the pendency of the criminal action and while PEREZ was still on suspension, REYNA left his position as Chief of Police and was replaced by GARCIA. Shortly after GARCIA took over his new position, GARCIA and PASCHAL once again enlisted the assistance of the Cameron County District Attorney's Office in the Defendants' concerted action to remove PEREZ from the Brownsville Police Department by whatever means available.

28. Although having no prosecutorial rationale or basis for doing so, the Cameron County District Attorney's Office proposed to dismiss the criminal action against PEREZ if he resigned from the Brownsville Police Department. PEREZ was to resign within 90 days during which time he was seeking employment with the U.S. Border Patrol (which application for employment had been submitted and had been pending since before the arrest of GOMEZ occurred). It is interesting to note that the District Attorney's Office did not seek to keep PEREZ out of law enforcement, but only to help effectuate his removal from the Brownsville Police Department. To facilitate this and to prevent PEREZ from coming back to duty, GARCIA, who had full knowledge of the facts of the case and the ARBITRATOR's findings and conclusions regarding the GOMEZ arrest, gave PEREZ a 90 day leave from his duties.

29. Because of the criminal case against him, PEREZ was denied employment with the U.S. Border Patrol. Upon the expiration of his leave, PEREZ finally returned to duty as ordered by the ARBITRATOR. However, once again, this was short-lived. Upon PEREZ' return to duty, PASCHAL and GARCIA, still knowing full well the findings and conclusions of the arbitration, went directly to the Cameron County District Attorney's Office to once again insist on PEREZ' prosecution.

30. Despite his repeated pleas to Defendants and the Cameron County District Attorney's office to recognize the lack evidence or probable cause in the case, especially in light of the Arbitration proceeding, the Cameron County District Attorney's office, at the insistence of the Defendants, forced PEREZ to defend himself from the charge against him and required PEREZ to go through a jury trial. It was clear that the Defendants' efforts to remove PEREZ from the department through the prosecution would not end until their goal was achieved.

31. In October 2002, after the testimony of the same witnesses as in the arbitration proceeding, PEREZ was once again vindicated in that he was acquitted of the charge by way of a directed verdict of not guilty, as so issued by the judge.

V.

MALICIOUS PROSECUTION

32.  Plaintiff incorporates herein as if verbatim the allegations in Paragraph IV above. Defendants, GOMEZ, THE CITY OF BROWNSVILLE, REYNA, GARCIA and PASCHAL acting in concert with each other and at their instance caused there to be filed a criminal complaint or caused the filing of a criminal complaint with the Cameron County District Attorney. The complaint accused Plaintiff of having committed the offense of official oppression. This caused a warrant to issue for Plaintiff's arrest and Plaintiff was subsequently arrested and detained in custody before giving bond, charged by information with committing that crime, and tried on the information.

33.  On or about October 16, 2002, the action was terminated in favor of Plaintiff in that Plaintiff was tried, acquitted, and discharged. Plaintiff was found innocent by directed verdict of the charge brought against him. Defendants conspired to act and acted without probable cause in initiating and continuing the prosecution of Plaintiff in that Defendants did not and could not have honestly, reasonably, and in good faith believed Plaintiff to be guilty of the crime charged. Defendants acted maliciously in instigating the criminal prosecution.

34.  As a proximate result of the criminal prosecution, Plaintiff suffered emotional distress, damage to his, reputation, health, and character; was generally impaired in his social and mercantile standing; and suffered great embarrassment, humiliation, and mental anguish and suffering, all to his damage in a sum far in excess of the jurisdictional limits of this Court.

35.  As a further proximate result of the criminal prosecution initiated by Defendants, Plaintiff incurred the cost of posting bail and the cost of attorneys' fees in defending against the prosecution.

36.  By virtue of the fact that the foregoing conduct of the Defendants was willful, wanton, and malicious, Plaintiff also seeks recovery of exemplary damages in a sum within the jurisdictional limits of the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff JUAN PEREZ prays that the Defendants be cited to appear and answer herein, and that upon final hearing, judgment be entered for Plaintiff against the Defendants, jointly and severally for the following:

1.  Actual damages in excess of the minimum jurisdiction of this Court;

2.  Exemplary damages;

3.  Costs of court;

4.  Pre-judgment interest at the maximum rate allowed by law;

5.  Post-judgment interest at the legal rate; and

6.  Such other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GARCIA & LOPEZ
214 West Cano St.
Edinburg, TX. 78539
Tel: 956-383-0158
Fax: 956-380-0113

By: _____

Roberto M. Garcia
State Bar No. 07645500

_____
Francisco J. Prado, Jr.
State Bar No. 00794483

ATTORNEY FOR PLAINTIFF

PLAINTIFF REQUESTS A JURY TRIAL

Page 9 of 9

FILED AT ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 0 9 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

Cause No. 2003-08-004166-G

| | | |
|---|---|---|
| Juan Perez | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | 404th JUDICIAL DISTRICT |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Brownsville, Carlos Garcia, individually and in his official capacity as Chief of Police and James Paschall, individually and in his official capacity,** Defendants in the above-styled and numbered cause, and hereby file this their Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

## I.

## SPECIAL EXCEPTIONS

1.    Defendants specially except to Plaintiff's Original Petition for the reason that Plaintiff brings a cause of action for malicious prosecution against the City of Brownsville. The City of Brownsville is a governmental entity and as such is entitled to all of the protections, defenses and immunities afforded it under the Texas Tort Claims Act. Plaintiff's malicious prosecution cause of action against the City of Brownsville is an intentional tort specifically barred by Section 101.057 of the Texas Tort Claims Act,

SCANNED
OCT 2 3 2003

which bars claims arising out of "assault, battery, false imprisonment or any other intentional tort." Accordingly, Defendants request that the court sustain this exception and order Plaintiff's malicious prosecution claim against the City of Brownsville be dismissed with prejudice and stricken from Plaintiff's pleadings.

2.    Defendants specially except to Plaintiff's Original Petition for the reason that Plaintiff brings a cause of action for malicious prosecution against Carlos Garcia and James Paschall in their Official Capacities. Governmental employees sued in their official capacities are entitled to all of the protections, defenses and immunities afforded it under the Texas Tort Claims Act.    Plaintiff's malicious prosecution cause of action against Carlos Garcia and James Paschall in their Official Capacities is an intentional tort specifically barred by Section 101.057 of the Texas Tort Claims Act, which bars claims arising out of "assault, battery, false imprisonment or any other intentional tort." Accordingly, Defendants request that the court sustain this exception and order Plaintiff's malicious prosecution claim against Carlos Garcia and James Paschall in their Official Capacities be dismissed with prejudice and stricken from Plaintiff's pleadings.

3.    Defendants specially except to Plaintiff's Original Petition in its entirety for the reason that Plaintiff has sued Defendants for malicious prosecution but have failed to set forth any evidence of an essential element needed to establish a malicious prosecution claim. Specifically, Plaintiff has failed set forth any facts and/or sufficient facts to establish that Defendants lacked probable cause to arrest him and bring criminal charges against him. Accordingly, Defendants request that Plaintiff be ordered to replead in conformity herewith or have this claim dismissed with prejudice and stricken from Plaintiff's pleadings.

2



OCT 2 3 2003

4.    Defendants specially except to Plaintiff's Original Petition in its entirety for the reason that Plaintiff has sued Defendants for malicious prosecution but have failed to set forth any evidence of an essential element needed to establish a malicious prosecution claim. Specifically, Plaintiff has failed set forth any facts and/or sufficient facts to establish that Defendants acted with malice in arresting and bringing criminal charges against him. Accordingly, Defendants request that Plaintiff be ordered to replead in conformity herewith or have this claim dismissed with prejudice and stricken from Plaintiff's pleadings.

5.    Defendants specially except to Plaintiff's Original Petition wherein Plaintiff pleads for the recovery of exemplary damages for the reason that exemplary damages are not recoverable against Defendants under section 101.024 of the Texas Tort Claims Act. Accordingly, Defendants request that the court sustain this exception and order Plaintiff's claims for exemplary damages be stricken from Plaintiff's pleadings.

## II.

## GENERAL DENIAL

By way of Original Answer, should same be necessary, Defendants deny each and every, all and singular, allegation set forth in Plaintiff's Original Petition, and without waiving its rights to file other and further pleadings, motions and discovery, demands that Plaintiff be held to the most strict requirements of proof and that these Defendants be released with costs and without delay and for such other and further relief, both at law and in equity, to which these Defendants may show to be justly entitled.

3

ACCEPTED

OCT 23 2003

### III.

### AFFIRMATIVE DEFENSES

1.     Plaintiff can not recover directly or indirectly from Defendants because the laws of the State of Texas and the Texas Tort Claims Act do not allow Plaintiff's claims and thus, Defendants' sovereign and individual immunity has not been waived.

2.     Defendants would show that the actions of Defendants were made in good faith and in performance of his official duties as a government employee. Defendants are therefore protected by the Doctrine of Official Immunity as set forth by the Texas Supreme Court in *Lancaster v. Chambers* and section 101.026 of the Texas Tort Claims Act.

3.     Defendants would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by §101.024 of the Texas Civil Practice and Remedies Code.

4.     Defendants would invoke all immunities and defenses provided by the Texas Tort Claims Act; including, but not limited to, the statutory limits on damages.

5.     Defendants City of Brownsville, Carlos Garcia, Individually and in his Official Capacity, and James Paschall, Individually and in his Official Capacity would show that pursuant to §101.057 of the Texas Tort Claims Act, they not liable to the Plaintiff for the reason that Plaintiff's claims are intentional torts and as such are barred.

6.     Defendants hereby invoke all defenses set out under the Texas Tort Claims Act as it relates to any and all claims made by Plaintiff against these Defendants.

### IV.
### JURY DEMAND

Defendants herein and pursuant to Rule 216 of the Texas Rules of Civil Procedure, have deposited with the District Clerk of Cameron County, Texas, the jury fee of $30.00 and does make its application and demand for jury trial of the above styled and numbered cause.

4



OCT 2 3 2003

## V.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants, **City of Brownsville, Carlos Garcia, individually and in his official capacity as Chief of Police and James Paschall, individually and in his official capacity,** pray that upon final trial and hearing hereof, Plaintiff take nothing by this suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on October 9, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: Charles Willette Jr. wp Mrn
Charles Willette Jr.
State Bar No. 21509700

Melanie A. Moore
State Bar No. 24014281

**Attorneys for Defendants City of Brownsville Carlos Garcia, individually and in his official capacity as Chief of Police and James Paschall, individually and in his official capacity.**

5

SCANNED
OCT 2 3 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this the _9th_ day of October, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539

Charles Willette Jr.

6

SCANNED

OCT 2 3 2003

Cause No. 2003-08-004166-G

| | | |
|---|---|---|
| Juan Perez | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | 404th JUDICIAL DISTRICT |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

---

## ORDER REGARDING DEFENDANTS' SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

---

The special exceptions listed below from Defendants' Special Exceptions to Plaintiffs' Original Petition were heard before this Court on the _____ day of _____,2003.

The parties appeared by and through their respective counsel.  Having heard the arguments of counsel and having reviewed the pleadings in question, this court has concluded and finds that the exceptions should be ordered as follows:

1.    Special Exception No. 1 should be [sustained]        [overruled].

2.    Special Exception No. 2 should be [sustained]        [overruled].

3.    Special Exception No. 3 should be [sustained]        [overruled].

4.    Special Exception No. 4 should be [sustained]        [overruled].

5.    Special Exception No. 5 should be [sustained]        [overruled].

CC___ __ED

OCT 2 3 2003

IT IS, THEREFORE, ORDERED that the special exceptions made by Defendants be sustained or overruled as indicated.

IT IS FURTHER ORDERED that Plaintiffs shall amend their Petition in conformity with this order within _____days of the date of this order.  If Plaintiff fails to amend within the designated time period, this case will be dismissed with prejudice without any further hearings required.

SIGNED ON this _____ day of _____, 2003.


_____
PRESIDING JUDGE

Copies to:

Charles Willette Jr.; Willette & Guerra, L.L.P.;International Plaza, Ste. 460;3505 Boca Chica Blvd; Brownsville, Texas  78521
Robert "Bobby" Garcia, Garcia & Lopez, 214 West Cano, Edinburg, Texas 78539



# Aurora De La Garza

Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520
Office (956) 544-0838    Fax (956) 544-0841

## MEMORANDUM

To Filing Clerk: _____  Date: 10/10/03

Cause No: 2003-08-4166-G

**Please Prepare:**

☐ Change Court to _____
Continuing Jurisdiction in Cause No.

☐ Folder   ☐ Confidential

Attorney Name: _____  ID# _____

☐ Need File   ☐ Motion: _____  Filed

☐ Cit/Prec/Writ: _____  Issued: _____  Shf/Atty/CM: _____ S _____

☐ Cit/Prec/Writ: _____  Issued: _____  Shf/Atty/CM: _____ S _____

☐ Date Bond Approved: _____  $4.00  Other: _____

Deposit $ _____  Paid On: _____  By: _____

Jury Fee $ _____  Paid On: _____  By: _____

Reviewed by: _____  Return to: _____
Deputy                                        Deputy

---

To Court Clerk: Irene    404th District Court   Date: 10/10/03

**Please present to Judge:**

☐ Order   ☐ TRO   ☐ Protective Order

☐ Issue Process   ☐ Make D.E.   ☐ Make notation on Order of process issued.

☐ Give to   ☐ Sheriff   ☐ Attorney   ☐ Other

☐ Send copies to attorneys or parties entitled to copy.

☐ After issuing service, return to Main Office for Folder and Docket Entry

☑ Transfer to Jury Docket:
Jury Fee Paid by Willette & Guerra   On 10/10/03

☐ Other _____   Ck# 15675
$30.⁰⁰ mc

By: _____   Deputy
OCT 2 3 2003

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
HUGH P. TOUCHY
EILEEN M. LEEDS
—————
ELIZABETH SANDOVAL CANTU*
ROMAN "DINO" ESPARZA
EDUARDO G. GARZA
AMY LAWLER GONZALES
JORGE A. GREEN
MELANIE A. MOORE
ROBERT PUENTE *

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN OFFICE:
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

October 9, 2003

Mrs. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

> Re:    Cause No. 2003-08-004166-G
> Juan Perez vs. City of Brownsville
> 404th Judicial District Court
> Cameron County, Texas
> Our File No. 03-233        CW/MM

Dear Mrs. De La Garza:

Enclosed herewith for your filing with the Court regarding the above styled and numbered cause, please find the following:

1.    *Defendants' Original Answer.*

We would appreciate you file stamp the enclosed extra copy of the foregoing and returning it in the enclosed, self-addressed stamped envelope to our office. As noted hereunder, a copy of the foregoing and this letter have been served on all counsel of record.

Thank you for your usual kind courtesies.

Very Truly Yours,

WILLETTE & GUERRA, L.L.P.

By: Charles Willette Jr. wp mm
Charles Willette, Jr.

SCANNED

OCT 2 3 2003

Mrs. Aurora De La Garza
Cameron County Courthouse
October 9, 2003
Page 2


xc:

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539


SCANNED
OCT 2 3 2003

Cause No. 2003-08-004166-G

| | | |
|---|---|---|
| Juan Perez | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | 404th JUDICIAL DISTRICT |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

---

## ORDER SETTING HEARING ON DEFENDANTS' SPECIAL EXCEPTIONS

---

BE IT REMEMBERED that on this **21st** day of **October**, 2003, came on for consideration Defendants' Special Exceptions to Plaintiff's Original Petition in the above styled cause. The court having considered the same is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED, that Defendants' Special Exceptions to Plaintiff's Original Petition be and is hereby set for hearing on the **6th** day of **November**, 2003 at **9:30** o'clock **a**.m.

SIGNED AND ENTERED on this the **21st** day of **October**, 2003.

FILED ____ O'CLOCK ____ M.
AURORA DE LA GARZA DIST. CLERK

OCT 2 1 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS

_____
JUDGE PRESIDING

Copies to:

Charles Willette Jr., Willette & Guerra, L.L.P.;International Plaza, Ste. 460;3505 Boca Chica Blvd; Brownsville, Texas 78521
Robert "Bobby" Garcia, Garcia & Lopez, 214 West Cano, Edinburg, Texas 78539

SCANNED

OCT 2 3 2003

CAUSE NUMBER 2003-08-004166-G

| | | |
|---|---|---|
| JUAN PEREZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, | § | |
| TEXAS; BEN REYNA, | § | |
| INDIVIDUALLY, AND IN HIS | § | |
| OFFICIAL CAPACITY AS FORMER | § | |
| CHIEF OF POLICE; CARLOS | § | 404TH JUDICIAL DISTRICT |
| GARCIA, INDIVIDUALLY, AND IN | § | |
| HIS OFFICIAL CAPACITY AS CHIEF | § | |
| OF POLICE; JAMES PASCHAL, | § | |
| INDIVIDUALLY, AND IN HIS | § | |
| OFFICIAL CAPACITY; AND | § | |
| FRANCISCO GOMEZ | § | |
| Defendants | § | OF CAMERON COUNTY, TEXAS |

FILED ___ 2:45 ___ O'CLOCK ___ P M
AURORA DE LA GARZA DIST. CLERK

OCT 1 0 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## DEFENDANT GOMEZ'S ORIGINAL ANSWER

COMES NOW FRANCISCO GOMEZ, a named Defendant in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

### GENERAL DENIAL

Defendant Gomez denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### PRAYER

Defendant Gomez prays the Court, after notice and hearing or trial, enters judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity.

Respectfully submitted,

By: _____

Michael M. Scott
Texas Bar No. 24003675

SCANNED

OCT 1 6 2003

1718 Boca Chica Blvd.
Brownsville, Texas  78520
Tel. (956)544-2345
Fax. (956)982-1909
Attorney for Defendant
FRANCISCO GOMEZ


## CERTIFICATE OF SERVICE

I certify that on October 10, 2003, a true and correct copy of
Defendant Gomez's Original Answer was delivered to **Robert M. Garcia**
by the U.S. Postal Service to 214 West Cano Street, Edinburg, TX
78539.

Michael M. Scott

SCANNED
OCT 1 6 2003

CAUSE NO. 

| | | |
|---|---|---|
| JUAN PEREZ | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, | § | _404_ JUDICIAL DISTRICT |
| TEXAS; BEN REYNA, INDIVIDUALLY, | § | |
| AND IN HIS OFFICIAL CAPACITY | § | |
| AS FORMER CHIEF OF POLICE; | § | |
| CARLOS GARCIA, INDIVIDUALLY, | § | |
| AND IN HIS OFFICIAL CAPACITY | § | |
| AS CHIEF OF POLICE; JAMES | § | |
| PASCHAL, INDIVIDUALLY, AND | § | |
| IN HIS OFFICIAL CAPACITY; | § | |
| AND FRANCISCO GOMEZ | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |



FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA, CLERK
AUG 18 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUAN PEREZ, plaintiff, complaining of THE CITY OF BROWNSVILLE, TEXAS; BEN REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER CHIEF OF POLICE; CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE; JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY and FRANCISCO GOMEZ defendants, and for cause of action shows:

I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure.

II.
### PARTIES

1. Plaintiff, JUAN PEREZ (PEREZ) is an individual residing in Cameron County, Texas.

2. Defendant, THE CITY OF BROWNSVILLE, TEXAS (CITY) is a municipal corporation duly incorporated under the laws of the State of Texas, and operating within its geographical boundaries as authorized by its charter. Service may be had upon CITY by serving the City Secretary Inelda

AUG 22 2003
(SCANNED)

T. Garcia at the City Secretary's Office located at 1001 East Elizabeth Street, Brownsville, Cameron County, Texas.

3. Defendant, BEN REYNA, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS FORMER CHIEF OF POLICE, (REYNA) at all times relevant to this lawsuit, was the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. REYNA may be served at his place of employment US Marshals Service, 600 Army Navy Drive, #1200, Arlington, Virginia, 22202; (703) 274-2013.

4. Defendant, CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, (GARCIA), is the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. GARCIA may be served at his place of employment, the Brownsville Police Department, 600 East Jackson Street, Brownsville, Cameron County, Texas.

5. Defendant, JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, (PASCHAL) at all times relevant to this lawsuit, was the internal affairs investigator for the City of Brownsville Police Department responsible for the management and affairs of the internal investigation of JUAN PEREZ. PASCHAL may be served at his place of employment the Brownsville Police Department, 600 East Jackson Street, Brownsville, Cameron County, Texas.

6. Defendant FRANCISCO GOMEZ (GOMEZ) is an individual residing in Cameron County, Texas. Service may be had upon GOMEZ at his place of employment, Pancho's Lounge, 2255 Central Boulevard, Brownsville, Cameron County, Texas.

III.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court for the reason that all or a substantial part of the events or omissions occurred in Cameron County, Texas, and because at least one defendant is located in Cameron County, Texas.

8. The sums and damages herein alleged are within the jurisdictional limits of the Court.


SCANNED
AUG 2 2 2003

9. No federal claims are made herein.

IV.

FACTS

10. At all times relevant to this lawsuit, PEREZ was employed as a police officer with the Brownsville Police Department.

11. At all times relevant to this lawsuit up to and including July 2001, REYNA was the duly appointed chief of police of the Brownsville Police Department.

12. At all times relevant to this lawsuit from August 2001 to the present, GARCIA has been the duly appointed chief of police of the Brownsville Police Department.

13. On or about May 9, 2000, PEREZ was working the graveyard shift and was out on patrol within the City of Brownsville, Texas. While on patrol, PEREZ observed a vehicle unsafely and unlawfully parked next to a fire hydrant at the intersection of 14th Street and Arthur Street. Also located at this intersection was a bar known as the "El Rincon de Pancho Bar", which was owned and operated by GOMEZ. As PEREZ was performing his official duties in trying to locate the owner of the illegally parked vehicle, GOMEZ approached him and interfered with his work. GOMEZ became belligerent and hostile. PEREZ requested that GOMEZ step away from him, and at that point, GOMEZ got into close proximity with PEREZ, such that PEREZ smelled the odor of alcoholic beverage about GOMEZ, and observed his physical characteristics and mannerisms which indicated that GOMEZ was intoxicated. After some effort, PEREZ was able to convince GOMEZ to go back into his bar. The vehicle owner voluntarily left the area in his car.

14. Later that night at about 2:00 a.m. while still on his shift, PEREZ was finishing paperwork concerning the booking of a prisoner at the city jail. While still at the city jail, PEREZ was advised out of courtesy by Officer Oscar Trevino that someone was in the front lobby of the police station wanting to speak to a supervisor about him. Officer Trevino was working relief for Officer Lonnie Cook who was the officer assigned to work the information booth in the front lobby of the police station. While still at the city jail, he received another call from Officer Cook that there was a male in the lobby. PEREZ advised that he would make his way to the front lobby. As

SCANNED

AUG 2 2 2003

PEREZ made his way to the front lobby, he met up with Officer Trevino who told him that the individual in the front lobby was publicly intoxicated.

15. PEREZ arrived at the front booth where Officer Cook pointed out the male individual leaning up against a pillar in the lobby. PEREZ recognized the individual as GOMEZ who was the person he had made contact with at the bar earlier in evening. PEREZ proceeded to make contact with GOMEZ in the lobby. Upon making contact with GOMEZ, PEREZ had an opportunity to observe GOMEZ and he determined that GOMEZ was showing signs of being intoxicated. Specifically, PEREZ noticed that GOMEZ exhibited the classic elements of intoxication such as red, bloodshot eyes, slurred speech, the odor of about him, and unsteady balance. PEREZ then asked GOMEZ how he had arrived at the station and how much he had to drink. GOMEZ responded that he had four or five and that he had arrived in his vehicle. PEREZ observed GOMEZ to be holding the keys to his vehicle in his hand. At that point, after evaluating, observing and interviewing GOMEZ, PEREZ concluded that GOMEZ met the elements of public intoxication, including posing a danger to himself or others if allowed to leave in his intoxicated state, and placed GOMEZ under arrest for public intoxication.

16. While PEREZ was arresting GOMEZ at the front lobby, no other officer nor civilian was in the immediate vicinity of the arrest and in a position to perceive and later describe any sensory observations of GOMEZ at the time that the arrest was made. The only individual making an evaluation or assessment of whether or not GOMEZ was intoxicated at the time of his arrest was PEREZ.

17. Shortly after the arrest, Lieutenant WILLIAM INGRAM (INGRAM), the shift commander, who was not present at the time of arrest and Commander RANDY DUNN (DUNN), who was at home at the time of the arrest and never observed GOMEZ, made the decision to release GOMEZ on bond in less than the four hours that a publicly intoxicated person is usually held in custody. DUNN ordered that GOMEZ not be allowed to drive himself home and had someone drive him home.

Page 4 of 9



SCANNED
AUG 2 2 2003

18. The morning after the arrest, PASCHAL, the sergeant in charge of the Brownsville Police Department Internal Affairs Division (IA), met with REYNA and DUNN whom informed him of the arrest of GOMEZ. PASCHAL was ordered by REYNA to start an investigation and to contact the Municipal Court to have the charge against GOMEZ dropped. PASCHAL began his investigation about one week after receiving the order to investigate. REYNA had full access to all of the material gathered by IA.

19. Within a week of receiving the order to investigate from REYNA, and before beginning a meaningful investigation into the allegations, PASCHAL met with the Municipal Court Prosecutor and told him that they felt the GOMEZ arrest was a bad arrest. As a result of that meeting, the charge against GOMEZ was dismissed.

20. PASCHAL decided that the case against PEREZ needed to be pursued allegedly because PEREZ made an improper and unlawful arrest. Throughout the course of the investigation, PASCHAL received guidance from REYNA.

21. Based upon the alleged evidence gathered by PASCHAL and presented to REYNA, REYNA indefinitely suspended PEREZ from his duties and employment with the Brownsville Police Department on July 25, 2000. An indefinite suspension is the equivalent of a termination in a department operating under civil service. REYNA also made statements to the local newspaper, Brownsville Herald, calling PEREZ a liar and a discredit to himself, the department and law enforcement, in general.

22. Pursuant to applicable Civil Service rules, PEREZ appealed the suspension to an independent arbitrator (ARBITRATOR). PEREZ appealed on the basis that the suspension was unlawful, without merit and unsupported by the evidence.

23. In arresting GOMEZ for Public Intoxication, PEREZ was performing his duty as a sworn police officer in the State of Texas as he was trained to do and as prescribed by Texas Law. The arrest was lawful, supported by the evidence and met all of the elements of Public Intoxication as

Page 5 of 9

SCANNED
AUG 2 2 2003

defined by the Penal Code. All of PEREZ' actions on the night in question were performed in good faith, in good judgment, and in the manner and to the extent that he was trained.

24. On January 2001, an arbitration hearing was held in connection with PEREZ' appeal. At the hearing, the City presented the testimony of at least seven witnesses, none of whom were in close proximity to GOMEZ at the time of the arrest, in support of PASCHAL's and REYNA's contention that PEREZ' arrest of GOMEZ was unlawful. The threshold issue for the ARBITRATOR in making his decision was whether or not PEREZ, in good faith, believed GOMEZ was intoxicated. After several days of testimony and consideration of briefs from the City and PEREZ, including briefing on the elements of public intoxication, the ARBITRATOR concluded that PEREZ had probable cause to determine that GOMEZ was intoxicated.

25. On June 19, 2001, after nearly a year of PEREZ being unemployed, the ARBITRATOR ordered PEREZ reinstated to his position and made whole for all lost wages and benefits.

26. However, PEREZ' reinstatement was short-lived. In fact, PEREZ never made it back to duty. The Defendants had failed at their attempt to end PEREZ' career administratively. Nonetheless, despite the clear lack of evidence or probable cause to believe that the GOMEZ arrest was unlawful, the Defendants, within days of the arbitration award reinstating PEREZ, enlisted the assistance of the of the Cameron County District Attorney's office to prosecute PEREZ for his arrest of GOMEZ. Coincidently, within days of the Arbitration Award reinstating PEREZ and over a year after the alleged incident, PEREZ was indicted by the Cameron County District Attorney's Office. PEREZ was once again suspended from his duties.

27. During the pendency of the criminal action and while PEREZ was still on suspension, REYNA left his position as Chief of Police and was replaced by GARCIA. Shortly after GARCIA took over his new position, GARCIA and PASCHAL once again enlisted the assistance of the Cameron County District Attorney's Office in the Defendants' concerted action to remove PEREZ from the Brownsville Police Department by whatever means available.

SCANNED
AUG 2 2 2003

28. Although having no prosecutorial rationale or basis for doing so, the Cameron County District Attorney's Office proposed to dismiss the criminal action against PEREZ if he resigned from the Brownsville Police Department. PEREZ was to resign within 90 days during which time he was seeking employment with the U.S. Border Patrol (which application for employment had been submitted and had been pending since before the arrest of GOMEZ occurred). It is interesting to note that the District Attorney's Office did not seek to keep PEREZ out of law enforcement, but only to help effectuate his removal from the Brownsville Police Department. To facilitate this and to prevent PEREZ from coming back to duty, GARCIA, who had full knowledge of the facts of the case and the ARBITRATOR's findings and conclusions regarding the GOMEZ arrest, gave PEREZ a 90 day leave from his duties.

29. Because of the criminal case against him, PEREZ was denied employment with the U.S. Border Patrol. Upon the expiration of his leave, PEREZ finally returned to duty as ordered by the ARBITRATOR. However, once again, this was short-lived. Upon PEREZ' return to duty, PASCHAL and GARCIA, still knowing full well the findings and conclusions of the arbitration, went directly to the Cameron County District Attorney's Office to once again insist on PEREZ' prosecution.

30. Despite his repeated pleas to Defendants and the Cameron County District Attorney's office to recognize the lack evidence or probable cause in the case, especially in light of the Arbitration proceeding, the Cameron County District Attorney's office, at the insistence of the Defendants, forced PEREZ to defend himself from the charge against him and required PEREZ to go through a jury trial. It was clear that the Defendants' efforts to remove PEREZ from the department through the prosecution would not end until their goal was achieved.

31. In October 2002, after the testimony of the same witnesses as in the arbitration proceeding, PEREZ was once again vindicated in that he was acquitted of the charge by way of a directed verdict of not guilty, as so issued by the judge.

SCANNED
AUG 2 2 2003

V.

## MALICIOUS PROSECUTION

32. Plaintiff incorporates herein as if verbatim the allegations in Paragraph IV above. Defendants, GOMEZ, THE CITY OF BROWNSVILLE, REYNA, GARCIA and PASCHAL acting in concert with each other and at their instance caused there to be filed a criminal complaint or caused the filing of a criminal complaint with the Cameron County District Attorney. The complaint accused Plaintiff of having committed the offense of official oppression. This caused a warrant to issue for Plaintiff's arrest and Plaintiff was subsequently arrested and detained in custody before giving bond, charged by information with committing that crime, and tried on the information.

33. On or about October 16, 2002, the action was terminated in favor of Plaintiff in that Plaintiff was tried, acquitted, and discharged. Plaintiff was found innocent by directed verdict of the charge brought against him. Defendants conspired to act and acted without probable cause in initiating and continuing the prosecution of Plaintiff in that Defendants did not and could not have honestly, reasonably, and in good faith believed Plaintiff to be guilty of the crime charged. Defendants acted maliciously in instigating the criminal prosecution.

34. As a proximate result of the criminal prosecution, Plaintiff suffered emotional distress, damage to his, reputation, health, and character; was generally impaired in his social and mercantile standing; and suffered great embarrassment, humiliation, and mental anguish and suffering, all to his damage in a sum far in excess of the jurisdictional limits of this Court.

35. As a further proximate result of the criminal prosecution initiated by Defendants, Plaintiff incurred the cost of posting bail and the cost of attorneys' fees in defending against the prosecution.

36. By virtue of the fact that the foregoing conduct of the Defendants was willful, wanton, and malicious, Plaintiff also seeks recovery of exemplary damages in a sum within the jurisdictional limits of the Court.



**WHEREFORE, PREMISES CONSIDERED,** Plaintiff JUAN PEREZ prays that the Defendants be cited to appear and answer herein, and that upon final hearing, judgment be entered for Plaintiff against the Defendants, jointly and severally for the following:

1.    Actual damages in excess of the minimum jurisdiction of this Court;

2.    Exemplary damages;

3.    Costs of court;

4.    Pre-judgment interest at the maximum rate allowed by law;

5.    Post-judgment interest at the legal rate; and

6.    Such other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GARCIA & LOPEZ
214 West Cano St.
Edinburg, TX. 78539
Tel: 956-383-0158
Fax: 956-380-0113

By: _____

Roberto M. Garcia
State Bar No. 07645500

_____

Francisco J. Prado, Jr.
State Bar No. 00794483

ATTORNEY FOR PLAINTIFF

PLAINTIFF REQUESTS A JURY TRIAL

SCANNED
AUG 2 2 2003

# *Garcia & Lopez*

**Attorneys - Mediators**
**214 West Cano**
**Edinburg, Texas 78539**

*Roberto M. Garcia*
*Raymundo Lopez*

*Tel.:(956) 383-0158*
*Fax: (956) 380-0113*

*Associate*
*Francisco J. Prado, Jr.*

August 18, 2003

<u>Via Hand Delivery</u>

Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, TX 78520

RE:    Cause No. 2003-08-4166-G; *Juan Perez vs. City of Brownsville, et al.*; In the 404th Judicial District Court of Cameron County, Texas.

Dear District Clerk:

In connection with the above referenced cause, enclosed are the following:

1.    An original and six copies of Plaintiff's Original Petition; and
2.    Our firm's check in the amount of $210.00 for filing fees and the issuance of six citations.

We will have a private process server pick up the citations when they are ready.

If you have any questions, please do not hesitate to contact me. Your assistance in this matter is appreciated.

Sincerely,

GARCIA & LOPEZ

FRANCISCO J. PRADO, JR.

Encl. (as listed above)
FJP/



SCANNED
AUG 2 2 2003

Cause No. 2003-08-004166-G

| | | |
|---|---|---|
| Juan Perez | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | 404th JUDICIAL DISTRICT |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA, CLERK
OCT 2 8 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

---

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity**, Defendants in the above-styled and numbered cause, and hereby file this their First Amended Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

### I.

### SPECIAL EXCEPTIONS

1.    Defendants specially except to Plaintiff's Original Petition for the reason that Plaintiff brings a cause of action for malicious prosecution against the City of Brownsville. The City of Brownsville is a governmental entity and as such is entitled to all of the protections, defenses and immunities afforded it under the Texas Tort Claims Act. Plaintiff's malicious prosecution cause of action against the City of Brownsville is an


SCANNED
OCT 3 0 2003

intentional tort specifically barred by Section 101.057 of the Texas Tort Claims Act, which bars claims arising out of "assault, battery, false imprisonment or any other intentional tort." Accordingly, Defendants request that the court sustain this exception and order Plaintiff's malicious prosecution claim against the City of Brownsville be dismissed with prejudice and stricken from Plaintiff's pleadings.

2.   Defendants specially except to Plaintiff's Original Petition for the reason that Plaintiff brings a cause of action for malicious prosecution against Ben Reyna, Carlos Garcia and James Paschall in their Official Capacities. Governmental employees sued in their official capacities are entitled to all of the protections, defenses and immunities afforded it under the Texas Tort Claims Act.   Plaintiff's malicious prosecution cause of action against Ben Reyna, Carlos Garcia and James Paschall in their Official Capacities is an intentional tort specifically barred by Section 101.057 of the Texas Tort Claims Act, which bars claims arising out of "assault, battery, false imprisonment or any other intentional tort." Accordingly, Defendants request that the court sustain this exception and order Plaintiff's malicious prosecution claim against Ben Reyna, Carlos Garcia and James Paschall in their Official Capacities be dismissed with prejudice and stricken from Plaintiff's pleadings.

3.   Defendants specially except to Plaintiff's Original Petition in its entirety for the reason that Plaintiff has sued Defendants for malicious prosecution but have failed to set forth any evidence of an essential element needed to establish a malicious prosecution claim. Specifically, Plaintiff has failed set forth any facts and/or sufficient facts to establish that Defendants lacked probable cause to arrest him and bring criminal charges against him. Accordingly, Defendants request that Plaintiff be ordered to replead in conformity

2

**SCANNED**

OCT 3 0 2003

herewith or have this claim dismissed with prejudice and stricken from Plaintiff's pleadings.

4.      Defendants specially except to Plaintiff's Original Petition in its entirety for the reason that Plaintiff has sued Defendants for malicious prosecution but have failed to set forth any evidence of an essential element needed to establish a malicious prosecution claim. Specifically, Plaintiff has failed set forth any facts and/or sufficient facts to establish that Defendants acted with malice in arresting and bringing criminal charges against him. Accordingly, Defendants request that Plaintiff be ordered to replead in conformity herewith or have this claim dismissed with prejudice and stricken from Plaintiff's pleadings.

5.      Defendants specially except to Plaintiff's Original Petition wherein Plaintiff pleads for the recovery of exemplary damages for the reason that exemplary damages are not recoverable against Defendants under section 101.024 of the Texas Tort Claims Act. Accordingly, Defendants request that the court sustain this exception and order Plaintiff's claims for exemplary damages be stricken from Plaintiff's pleadings.

## II.

## GENERAL DENIAL

By way of Original Answer, should same be necessary, Defendants deny each and every, all and singular, allegation set forth in Plaintiff's Original Petition, and without waiving its rights to file other and further pleadings, motions and discovery, demands that Plaintiff be held to the most strict requirements of proof and that these Defendants be released with costs and without delay and for such other and further relief, both at law and in equity, to which these Defendants may show to be justly entitled.

3


SCANNED
OCT 3 0 2003

## III.

## AFFIRMATIVE DEFENSES

1.  Plaintiff can not recover directly or indirectly from Defendants because the laws of the State of Texas and the Texas Tort Claims Act do not allow Plaintiff's claims and thus, Defendants' sovereign and individual immunity has not been waived.

2.  Defendants would show that the actions of Defendants were made in good faith and in performance of his official duties as a government employee. Defendants are therefore protected by the Doctrine of Official Immunity as set forth by the Texas Supreme Court in *Lancaster v. Chambers* and section 101.026 of the Texas Tort Claims Act.

3.  Defendants would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by §101.024 of the Texas Civil Practice and Remedies Code.

4.  Defendants would invoke all immunities and defenses provided by the Texas Tort Claims Act; including, but not limited to, the statutory limits on damages.

5.  Defendants City of Brownsville, Ben Renya, Individually and his Official Capacity; Carlos Garcia, Individually and in his Official Capacity, and James Paschall, Individually and in his Official Capacity would show that pursuant to §101.057 of the Texas Tort Claims Act, they are not liable to the Plaintiff for the reason that Plaintiff's claims are intentional torts and as such are barred.

6.  Defendants hereby invoke all defenses set out under the Texas Tort Claims Act as it relates to any and all claims made by Plaintiff against these Defendants.

4



SCANNED
OCT 3 0 2003

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, **City of Brownsville; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; and James Paschall, individually and in his official capacity,** pray that upon final trial and hearing hereof, Plaintiff take nothing by this suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on October 28, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Charles Willette Jr.*
Charles Willette Jr.
State Bar No. 21509700

Melanie A. Moore
State Bar No. 24014281
**Attorneys for Defendants City of Brownsville; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; and James Paschall, individually and in his official capacity.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28 day of October, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539

_Charles Willette Jr. w/p Mhr_
Charles Willette Jr.

6

SCANNED
OCT 3 0 2003

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
HUGH P. TOUCHY
EILEEN M. LEEDS
—————
ELIZABETH SANDOVAL CANTU*
ROMAN "DINO" ESPARZA
EDUARDO G. GARZA
AMY LAWLER GONZALES
JORGE A. GREEN
JOE HERNANDEZ*
MELANIE A. MOORE
ROBERT PUENTE *

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN OFFICE:
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

October 28, 2003

Mrs. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

      Re:  Cause No. 2003-08-004166-G
          Juan Perez vs. City of Brownsville
          404th Judicial District Court
          Cameron County, Texas
          **Our File No. 03-233   CW/MM**

Dear Mrs. De La Garza:

   Enclosed herewith for your filing with the Court regarding the above styled and numbered cause, please find the following:

   1.  ***Defendants' First Amended Original Answer.***

   We would appreciate you file stamp the enclosed extra copy of the foregoing and returning it in the enclosed, self-addressed stamped envelope to our office. As noted hereunder, a copy of the foregoing and this letter have been served on all counsel of record.

   Thank you for your usual kind courtesies.

        Very Truly Yours,

        WILLETTE & GUERRA, L.L.P.

        By: *Charles Willette Jr.*
          Charles Willette, Jr.

**SCANNED**
OCT 3 0 2003

Mrs. Aurora De La Garza
Cameron County Courthouse
October 28, 2003
Page 2


xc:

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539



SCANNED

OCT 3 0 2003

CAUSE NO. 2003-08-004166-G

| | | |
|---|---|---|
| JUAN PEREZ | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **THE CITY OF BROWNSVILLE,** | § | 404TH JUDICIAL DISTRICT |
| **TEXAS; BEN REYNA, INDIVIDUALLY,** | § | |
| **AND IN HIS OFFICIAL CAPACITY** | § | |
| **AS FORMER CHIEF OF POLICE;** | § | |
| **CARLOS GARCIA, INDIVIDUALLY,** | § | |
| **AND IN HIS OFFICIAL CAPACITY** | § | |
| **AS CHIEF OF POLICE; JAMES** | § | |
| **PASCHAL, INDIVIDUALLY, AND** | § | |
| **IN HIS OFFICIAL CAPACITY;** | § | |
| **AND FRANCISCO GOMEZ** | § | |
| **Defendants** | § | CAMERON COUNTY, TEXAS |

FILED 3:00 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
DEC 0 3 2003
DISTRICT COURT OF CAMERON COUNTY
DEPUTY

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUAN PEREZ, plaintiff, complaining of THE CITY OF BROWNSVILLE, TEXAS; BEN REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER CHIEF OF POLICE; CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE; JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY and FRANCISCO GOMEZ defendants, and for cause of action shows:

I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure.

II.
### PARTIES

1. Plaintiff, JUAN PEREZ (PEREZ) is an individual residing in Cameron County, Texas.

2. Defendant, THE CITY OF BROWNSVILLE, TEXAS (CITY) is a municipal corporation duly incorporated under the laws of the State of Texas, and operating within its geographical boundaries as authorized by its charter. The CITY has filed an answer in this cause. A true and correct

SCANNED
DEC 1 8 2003

copy of this pleading has been served in accordance with the Texas Rules of Civil Procedure on its attorney of record, Charles Willete, Jr., WILLETE & GUERRA, L.L.P., International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

3. Defendant, BEN REYNA, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS FORMER CHIEF OF POLICE, (REYNA) at all times relevant to this lawsuit, was the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. REYNA has filed an answer in this cause. A true and correct copy of this pleading has been served in accordance with the Texas Rules of Civil Procedure on his attorney of record, Charles Willete, Jr., WILLETE & GUERRA, L.L.P., International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

4. Defendant, CARLOS GARCIA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, (GARCIA), is the duly appointed Chief of Police for the City of Brownsville Police Department, and as such was responsible for the management and affairs of the Brownsville Police Department, including its employees. GARCIA has filed an answer in this cause. A true and correct copy of this pleading has been served in accordance with the Texas Rules of Civil Procedure on his attorney of record, Charles Willete, Jr., WILLETE & GUERRA, L.L.P., International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

5. Defendant, JAMES PASCHAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, (PASCHAL) at all times relevant to this lawsuit, was the internal affairs investigator for the City of Brownsville Police Department responsible for the management and affairs of the internal investigation of JUAN PEREZ. PASCHAL has filed an answer in this cause. A true and correct copy of this pleading has been served in accordance with the Texas Rules of Civil Procedure on his attorney of record, Charles Willete, Jr., WILLETE & GUERRA, L.L.P., International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521.

SC_____

DEC  ï X 2003

6. Defendant FRANCISCO GOMEZ (GOMEZ) is an individual residing in Cameron County, Texas. GOMEZ has filed an answer in this cause.  A true and correct copy of this pleading has been served in accordance with the Texas Rules of Civil Procedure on his attorney of record Michael M. Scott, 1718 Boca Chica Blvd., Brownsville, Texas 78520.

III.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court for the reason that all or a substantial part of the events or omissions occurred in Hidalgo County, Texas, and because at least one defendant is located in Hidalgo County, Texas.

8. The sums and damages herein alleged are within the jurisdictional limits of the Court.

9. The Court has jurisdiction over the governmental defendants under 42 U.S.C. §1983, and the 4th and 14th Amendments to the United States Constitution.

IV.

## FACTS

10. At all times relevant to this lawsuit, PEREZ was employed as a police officer with the Brownsville Police Department.

11. At all times relevant to this lawsuit up to and including July 2001, REYNA was the duly appointed chief of police of the Brownsville Police Department.

12. At all times relevant to this lawsuit from August 2001 to the present, GARCIA has been the duly appointed chief of police of the Brownsville Police Department.

13. On or about May 9, 2000, PEREZ was working the graveyard shift and was out on patrol within the City of Brownsville, Texas.  While on patrol, PEREZ observed a vehicle unsafely and unlawfully parked next to a fire hydrant at the intersection of 14th Street and Arthur Street. Also located at this intersection was a bar known as the "El Rincon de Pancho Bar", which was owned and operated by GOMEZ.  As PEREZ was performing his official duties in trying to locate the owner of the illegally parked vehicle, GOMEZ approached him and interfered with his work.  GOMEZ became belligerent and hostile. PEREZ requested that GOMEZ step away from him, and at that

SCANNER
DEC 0 8 2003

point, GOMEZ got into close proximity with PEREZ, such that PEREZ smelled the odor of alcoholic beverage about GOMEZ, and observed his physical characteristics and mannerisms which indicated that GOMEZ was intoxicated.  After some effort, PEREZ was able to convince GOMEZ to go back into his bar.  The vehicle owner voluntarily left the area in his car.

14.  Later that night at about 2:00 a.m. while still on his shift, PEREZ was finishing paperwork concerning the booking of a prisoner at the city jail.  While still at the city jail, PEREZ was advised out of courtesy by Officer Oscar Trevino that someone was in the front lobby of the police station wanting to speak to a supervisor about him.  Officer Trevino was working relief for Officer Lonnie Cook who was the officer assigned to work the information booth in the front lobby of the police station.  While still at the city jail, he received another call from Officer Cook that there was a male in the lobby.  PEREZ advised that he would make his way to the front lobby.  As PEREZ made his way to the front lobby, he met up with Officer Trevino who told him that the individual in the front lobby was publicly intoxicated.

15.  PEREZ arrived at the front booth where Officer Cook pointed out the male individual leaning up against a pillar in the lobby.  PEREZ recognized the individual as GOMEZ who was the person he had made contact with at the bar earlier in evening.  PEREZ proceeded to make contact with GOMEZ in the lobby.  Upon making contact with GOMEZ, PEREZ had an opportunity to observe GOMEZ and he determined that GOMEZ was showing signs of being intoxicated. Specifically, PEREZ noticed that GOMEZ exhibited the classic elements of intoxication such as red, bloodshot eyes, slurred speech, the odor of about him, and unsteady balance.  PEREZ then asked GOMEZ how he had arrived at the station and how much he had to drink.  GOMEZ responded that he had four or five and that he had arrived in his vehicle.  PEREZ observed GOMEZ to be holding the keys to his vehicle in his hand.  At that point, after evaluating, observing and interviewing GOMEZ, PEREZ concluded that GOMEZ met the elements of public intoxication, including posing a danger to himself or others if allowed to leave in his intoxicated state, and placed GOMEZ under arrest for public intoxication.

SCANNED

DEC 0 8 2003

16. While PEREZ was arresting GOMEZ at the front lobby, no other officer nor civilian was in the immediate vicinity of the arrest and in a position to perceive and later describe any sensory observations of GOMEZ at the time that the arrest was made. The only individual making an evaluation or assessment of whether or not GOMEZ was intoxicated at the time of his arrest was PEREZ.

17. Shortly after the arrest, Lieutenant WILLIAM INGRAM (INGRAM), the shift commander, who was not present at the time of the arrest and Commander RANDY DUNN (DUNN), who was at home at the time of the arrest and never observed GOMEZ, made the decision to release GOMEZ on bond in less than the four hours that a publicly intoxicated person is usually held in custody. DUNN ordered that GOMEZ not be allowed to drive himself home and had someone drive him home.

18. The morning after the arrest, PASCHAL, the sergeant in charge of the Brownsville Police Department Internal Affairs Division (IA), met with REYNA and DUNN whom informed him of the arrest of GOMEZ. PASCHAL was ordered by REYNA to start an investigation and to contact the Municipal Court to have the charge against GOMEZ dropped. PASCHAL began his investigation about one week after receiving the order to investigate. REYNA had full access to all of the material gathered by IA.

19. Within a week of receiving the order to investigate from REYNA, and before beginning a meaningful investigation into the allegations, PASCHAL met with the Municipal Court Prosecutor and told him that they felt the GOMEZ arrest was a bad arrest. As a result of that meeting, the charge against GOMEZ was dismissed.

20. PASCHAL decided that the case against PEREZ needed to be pursued allegedly because PEREZ made an improper and unlawful arrest. Throughout the course of the investigation, PASCHAL received guidance from REYNA.

21. Based upon the alleged evidence gathered by PASCHAL and presented to REYNA, REYNA indefinitely suspended PEREZ from his duties and employment with the Brownsville Police Department on July 25, 2000. An indefinite suspension is the equivalent of a termination in a

DEC 0 3 2003

department operating under civil service. REYNA also made statements to the local newspaper, Brownsville Herald, calling PEREZ a liar and a discredit to himself, the department and law enforcement, in general.

22.  Pursuant to applicable Civil Service rules, PEREZ appealed the suspension to an independent arbitrator (ARBITRATOR). PEREZ appealed on the basis that the suspension was unlawful, without merit and unsupported by the evidence.

23.  In arresting GOMEZ for Public Intoxication, PEREZ was performing his duty as a sworn police officer in the State of Texas as he was trained to do and as prescribed by Texas Law. The arrest was lawful, supported by the evidence and met all of the elements of Public Intoxication as defined by the Penal Code. All of PEREZ' actions on the night in question were performed in good faith, in good judgment, and in the manner and to the extent that he was trained.

24.  On January 2001, an arbitration hearing was held in connection with PEREZ' appeal. At the hearing, the City presented the testimony of at least seven witnesses, none of whom were in close proximity to GOMEZ at the time of the arrest, in support of PASCHAL's and REYNA's contention that PEREZ' arrest of GOMEZ was unlawful. The threshold issue for the ARBITRATOR in making his decision was whether or not PEREZ, in good faith, believed GOMEZ was intoxicated. After several days of testimony and consideration of briefs from the City and PEREZ, including briefing on the elements of public intoxication, the ARBITRATOR concluded that PEREZ had probable cause to determine that GOMEZ was intoxicated.

25.  On June 19, 2001, after nearly a year of PEREZ being unemployed, the ARBITRATOR ordered PEREZ reinstated to his position and made whole for all lost wages and benefits.

26.  However, PEREZ' reinstatement was short-lived. In fact, PEREZ never made it back to duty. The Defendants had failed at their attempt to end PEREZ' career administratively. Nonetheless, despite the clear lack of evidence or probable cause to believe that the GOMEZ arrest was unlawful, the Defendants, within days of the arbitration award reinstating PEREZ, enlisted the assistance of the of the Cameron County District Attorney's office to prosecute PEREZ for his arrest of GOMEZ. Coincidently, within days of the Arbitration Award reinstating PEREZ and



DEC 0 3 2003

over a year after the alleged incident, PEREZ was indicted by the Cameron County District Attorney's Office. PEREZ was once again suspended from his duties.

27. During the pendency of the criminal action and while PEREZ was still on suspension, REYNA left his position as Chief of Police and was replaced by GARCIA. Shortly after GARCIA took over his new position, GARCIA and PASCHAL once again enlisted the assistance of the Cameron County District Attorney's Office in the Defendants' concerted action to remove PEREZ from the Brownsville Police Department by whatever means available.

28. Although having no prosecutorial rationale or basis for doing so, the Cameron County District Attorney's Office proposed to dismiss the criminal action against PEREZ if he resigned from the Brownsville Police Department. PEREZ was to resign within 90 days during which time he was seeking employment with the U.S. Border Patrol (which application for employment had been submitted and had been pending since before the arrest of GOMEZ occurred). It is interesting to note that the District Attorney's Office did not seek to keep PEREZ out of law enforcement, but only to help effectuate his removal from the Brownsville Police Department. To facilitate this and to prevent PEREZ from coming back to duty, GARCIA, who had full knowledge of the facts of the case and the ARBITRATOR's findings and conclusions regarding the GOMEZ arrest, gave PEREZ a 90 day leave from his duties.

29. Because of the criminal case against him, PEREZ was denied employment with the U.S. Border Patrol. Upon the expiration of his leave, PEREZ finally returned to duty as ordered by the ARBITRATOR. However, once again, this was short-lived. Upon PEREZ' return to duty, PASCHAL and GARCIA, still knowing full well the findings and conclusions of the arbitration, went directly to the Cameron County District Attorney's Office to once again insist on PEREZ' prosecution.

30. Despite his repeated pleas to Defendants and the Cameron County District Attorney's office to recognize the lack evidence or probable cause in the case, especially in light of the Arbitration proceeding, the Cameron County District Attorney's office, at the insistence of the Defendants, forced PEREZ to defend himself from the charge against him and required PEREZ



Page 7 of 10

DEC 11 8 2003

to go through a jury trial. It was clear that the Defendants' efforts to remove PEREZ from the department through the prosecution would not end until their goal was achieved.

31. In October 2002, after the testimony of the same witnesses as in the arbitration proceeding, PEREZ was once again vindicated in that he was acquitted of the charge by way of a directed verdict of not guilty, as so issued by the judge.


V.

CAUSES OF ACTION

32. Plaintiff incorporates herein as if verbatim the allegations in Paragraph IV above. Defendants, GOMEZ, THE CITY OF BROWNSVILLE, REYNA, GARCIA and PASCHAL acting in concert with each other and at their instance procured and caused there to be filed a criminal complaint or caused the filing of a criminal complaint with the Hidalgo County District Attorney. The criminal proceedings were terminated in Plaintiff's favor. Plaintiff will further show that he was innocent and that Defendants lacked probable cause for instigating the criminal proceedings. Based on the above-described facts, Defendants acted with malice in bringing about the prosecution. Plaintiff has suffered substantial damages as a proximate cause of the acts of Defendants.

33. Alternatively, Plaintiff would show that Defendants conspired against him to terminate Plaintiff's employment in such a way as to inflict irreparable damage to Plaintiff's personal and professional reputation; and to stigmatize and foreclose future professional employment opportunities to Plaintiff. Defendants withheld, ignored or failed to reveal evidence and information relevant to the prosecution and necessary to evaluate whether the case should have been prosecuted in the first instance. Defendants had a meeting of the minds, and agreed to accomplish these objectives which were either, unlawful, overt acts, or lawful but employing unlawful means, as described herein above to accomplish their goals. Defendants' acts were the proximate cause of damages suffered by Plaintiff.



SCANNED

DEC 0 8 2003

34.  The Fifth Circuit has held that allegations of malicious prosecution and civil conspiracy are actionable under 42 U.S.C. §1983 and 42 U.S.C. §1985. *Kerr v. Leftward*, 171 F. 3d (5th Cir. 1999); *John Doe vs. State of Louisiana*, 2 F.3rd 1412 (5th Cir. 1993); *Wheeler vs. Cobden Oil & Chemical Co.*, 734 F 2nd 254 (5th Cir. 1984), modified on reh'g on other grounds, 744 F 2nd 1131, (5th Cir. 1984); *Sanders vs. English*, 950 F. 2nd 1152 (5th Cir. 1992): *Hand vs. Gary*, 838 F. 2nd 1420 ( 5th Cir. 1988). See also, *Eugene v. Alief Indep. Sch. Dist.*, 65 F. 3rd 1299, 1305 (5th Cir. 1995) (stating "this circuit has explicitly held that malicious prosecution, false arrest and bodily harm... violate the Fourth and Fourteenth Amendments."); *Elkins v. United States*, 364 U.S. *206, 213 80 S. Ct/ 1437, 1441-42, 4 L Ed. 2d* 1669 (1960) (holding that the Fourteenth Amendment extends the Fourth Amendment's constitutional guarantees to searches and seizures by state officers.)

35.  A viable Section 1983 claim for malicious prosecution exists against government official in their individual capacities, where they procure groundless state indictments and charges with fabricated evidence or no evidence. *Board of County Comm'rs, v. Umbehr*, 518 U.S. 668, 116 S. Ct. 2342, 135 L.Ed. 2d 843 (1996); *Michigan v. Summers*, 452 U.S. 692, 696 n.5, 101 S. Ct. 2587, 2591, 69 L. Ed. 2d 340 (1981); *Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 1877, 20 L Ed. 2d 889 (1968); *United States v. Price*, 383 U.S. 787, 806, 86 S. Ct. 1152, 1163, 16 L Ed. 2d 267 (1966); *Winslow v. Romer*, 759 F. Supp. 670, 675 (D. Colo. 1991).

36. The Defendants' malicious actions herein are sufficiently egregious to meet the federal test and, under the circumstances of this case, the Defendants' overzealous prosecution of Plaintiff shocks the conscience of any reasonable person.  This criminal prosecution was brought with malice and in bad faith and continued by the Defendants with reckless disregard of Plaintiff's clearly established constitutional rights and may violate 42 U.S.C § 1881 (the Civil Rights Act of 1991 as amended).

37. As a direct and proximate cause of the acts of the Defendants, Plaintiff has (A) lost his employment; (B) sustained irreparable damage to his personal and professional reputation; (C) been stigmatized; (D) suffered mental anguish and severe mental anguish; and, (E) suffered substantial pecuniary loss as indicated herein.  For months, Plaintiff was required to attend



SCANNED

DEC 0 9 2003

numerous Court hearings and proceedings and suffer the anxiety and uncertainty attendant to a criminal prosecution.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and on notice and hearing that Plaintiff have and recover judgment against Defendants for.

A.  A sum in excess of the minimum jurisdictional limits of the Court for compensatory damages and punitive damages in excess of the minimal jurisdictional limits of this court;

B.  Prejudgment and post judgment interest at the maximum legal rate;

C.  Reasonable attorney's fees allowed under 42 U.S.C. § 1988;

D.  Costs of Court; and,

E.  Such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GARCIA & LOPEZ
214 West Cano St.
Edinburg, TX. 78539
Tel: 956-383-0158
Fax: 956-380-0113

By:  _Roberto M. Garcia_
Roberto M. Garcia
State Bar No. 07645500

_Francisco J. Prado_
Francisco J. Prado, Jr.
State Bar No. 00794483

ATTORNEY FOR PLAINTIFF

PLAINTIFF REQUESTS A JURY TRIAL

SCANNED

DEC 1 8 2003

# *Garcia & Lopez*

### *Attorneys - Mediators*
### *214 West Cano*
### *Edinburg, Texas 78539*

*Roberto M. Garcia*
*Raymundo Lopez*

*Tel.:(956) 383-0158*
*Fax: (956) 380-0113*

*Associate*
*Francisco J. Prado, Jr.*

December 02, 2003

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

DEC 0 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, TX 78520

**Re:** **Cause No. 2003-08-004166-G;** *Juan Perez vs. The City of Brownsville, et. al.; In the 404th Judicial District Court of Cameron County, Texas.*

Dear Ms. De La Garza:

Enclosed for filing in the referenced case, please find an original and a copy of the following document:

1. **Plaintiff's First Amended Original Petition.**

Please acknowledge receipt of this document(s) by placing your file mark on the attached copy(ies) and return the same to the undersigned via messenger or the enclosed self-addressed and stamped envelope.

By copy of this letter, a true and correct copy of the aforementioned document(s) is being provided to counsel of record by either certified mail, return receipt requested, messenger and/or facsimile.

As always, your cooperation in this matter is greatly appreciated. Please feel free to call me should you have any questions or require additional information.

Sincerely,

**GARCIA & LOPEZ**

**FRANCISCO PRADO, JR.**

FP/cg
Enclosures

SCANNED
DEC 0 8 2003

cc:     Mr. Charles Willette, Esq.
        3505 Boca Chica Blvd., Ste. 460
        Brownsville, TX 78521

        Mr. Michael Scott, Esq.
        1718 Boca Chica Blvd.
        Brownsville, TX 78520

SCANNED
DEC 0 8 2003

RUN DATE 12/12/03
RUN TIME 4:30 PM

**CERTIFIED COPY**

THE CITY OF BROWNSVILLE TEXAS, ET AL

JUAN PEREZ
VS

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

0034610 3
ROBERTO M. GARCIA
214 W. CANO ST.
EDINBURG, TX.                           78539 0000

(10)

0001190 4
HON. CHARLES WILLETTE, JR.
3505 BOCA CHICA BLVD., STE.460
BROWNSVILLE, TX.                        78521 0000

DAMAGES

| Date | Entry |
|---|---|
| 08/18/03 | ORIGINAL PETITI |
| 08/20/03 | CITATION: THE C |
| | TEXAS |
| 08/20/03 | SERVED: |
| 08/20/03 | CITATION: BEN R |
| 08/20/03 | SERVED: |
| 08/20/03 | CITATION: CARLO |
| 08/20/03 | SERVED: |
| 08/20/03 | CITATION: JAMES |
| 08/20/03 | SERVED: |
| 08/20/03 | CITATION: FRANC |
| 08/20/03 | SERVED: |
| 08/20/03 | ORIGINAL ANSWER |
| | BROWNSVILLE, TE |
| 10/09/03 | ORIGINAL ANSWER |
| 10/09/03 | ORIGINAL ANSWER |
| 10/09/03 | JURY FEE: Pd. b |
| 10/10/03 | ORIGINAL ANSWER |
| 10/28/03 | DEFTS' 1ST AMEN |
| | ANSWER (GARCIA) |
| 12/03/03 | PLAINTIFF'S FIR |
| | PETITION/GMedra |

10/21/03   DEFTS' SPECIAL EXCEPTIONS   SET FOR 11/6/03 @ 9:30 A.M., AS PER
10/21/03   ORDER...AC LIMAS/IG
11/05/03   HEARING RESET BY AGREEMENT TO 12/11/03 @9:30AM.         ACLIMAS/MG
12/09/03   HEARING PASSED AS PER ATTY C.WILLETTE'S OFFICE.         ACLIMAS/MG



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

DEC 12 2003

BY:
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Perez | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| City of Brownsville, Texas; Ben Reyna, | § | |
| individually and in his official capacity as | § | CIVIL ACTION NO._____ |
| former Chief of Police; Carlos Garcia, | § | |
| individually and in his official capacity as | § | |
| Chief of Police; James Paschall, | § | |
| individually and in his official capacity; | § | |
| and Francisco Gomez | § | |
| *Defendant* | § | |

## LIST OF PARTIES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES DEFENDANTS City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity, herein, and, in accordance with the Local Rules for the United States District Court for the Southern District of Texas governing removal of civil actions, file this their List of Parties and would submit the following with the Court:

## PLAINTIFF

Juan Perez,
c/o Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539
Telephone: 956-383-0158
Facsimile: 956-380-0113

**PLAINTIFF'S COUNSEL**

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539
Telephone: 956-383-0158
Facsimile: 956-380-0113

**DEFENDANTS**

City of Brownsville
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Ben Reyna
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Carlos Garcia
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

James Paschall
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

2

**DEFENDANT'S COUNSEL**

Mr. Charles Willette Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Ms. Melanie A. Moore
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**CO-DEFENDANT**

Francisco Gomez
c/o Mr. Michael Scott
P.O. Box 1424 W. Price No. 605
Brownsville, Texas 78520
Telephone: (956) 544-2345
Facsimile: (956) 546-8208

**CO-DEFENDANT'S COUNSEL**

Mr. Michael Scott
P.O. Box 1424 W. Price No. 605
Brownsville, Texas 78520
Telephone: (956) 544-2345
Facsimile: (956) 546-8208

Signed on December 16, 2003.

3

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Charles Willette Jr.*

Charles Willette, Jr.
State Bar No. 21509700
USDC No.  1937

Melanie A. Moore
State Bar No. 24014281
USDC No. 32748

**Attorneys for Defendants City of Brownsville; Ben
Reyna, individually, and in his official capacity as
former Chief of Police; Carlos Garcia, individually,
and in his official capacity as Chief of Police; and
James Paschall, individually, and in his official
capacity**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this List of Parties has on December 16, 2003,
been forwarded via certified mail, return receipt requested to:

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539
Attorney for Plaintiffs

Mr. Michael Scott
P.O. Box 1424 W. Price No. 605
Brownsville, Texas 78520
Attorney for Co-Defendant Francisco Gomez

*Charles Willette Jr.*

Charles Willette, Jr.

4