IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Perez<br>*Plaintiff*<br><br>vs.<br><br>City of Brownsville, Texas; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; James Paschall, individually and in his official capacity; and Francisco Gomez<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | United States District Court<br>Southern District of Texas<br>FILED<br><br>APR 0 1 2004<br><br>Michael N. Milby<br>Clerk of Court<br><br>CIVIL ACTION NO. B-03-225 |

---

**DEFENDANTS' SECOND AMENDED ORIGINAL ANSWER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity**, Defendants in the above-styled and numbered cause, and hereby file this their Second Amended Original Answer to Plaintiff's Second Amended Original Complaint and would respectfully show unto the Court the following:

**I.
ORIGINAL ANSWER**

1. Defendants deny each and all of Plaintiff's allegations except to the extent expressly admitted herein.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraphs 1 of Plaintiff's Second Amended Original Complaint.

3. Defendants admit factual allegations as set forth in Paragraphs 2, 3, 4, 5, and 6 of Plaintiff's Second Amended Original Complaint.

4. Defendants deny that any event or omission occurred giving rise to Plaintiff's claims, but do admit that pursuant to Plaintiff's allegations, jurisdiction and venue are proper in the United States District Court, for the Southern District of Texas, Brownsville Division as set forth in Paragraph 7, 8, 9 of Plaintiff's Second Amended Original Complaint.

5. Defendants admit factual allegations as set forth in Paragraph 10 of Plaintiff's Second Amended Original Complaint.

6. Defendants admit Defendant Reyna was the Chief of Police for the Brownsville Police Department until July 2001 as set forth in Paragraph 11 of Plaintiff's Second Amended Original Complaint, but deny Reyna is liable to Plaintiff for the alleged claims.

7. Defendants admit Defendant Garcia has been the Chief of Police for the Brownsville Police Department since August 2001 as set forth in Paragraph 12 of Plaintiff's Second Amended Original Complaint, but deny Garcia is liable to Plaintiff for the alleged claims.

8. Defendants admit that on May 9, 2000 Plaintiff was working the graveyard shift and was on patrol in the City of Brownsville, Texas. Defendants are without knowledge or information sufficient to form a belief as to the remaining factual allegations in Paragraph 13 of Plaintiff's Second Amended Original Complaint.

9. Defendants admit Plaintiff was advised someone was in the lobby waiting to speak to a supervisor about him. Defendants are without knowledge or information sufficient to

2

form a belief as to the remaining factual allegations in Paragraph 14 of Plaintiff's Second Amended Original Complaint.

10. Defendants admit Plaintiff made contact with Gomez in the lobby of the police station and Plaintiff arrested Gomez for Public Intoxication. Defendants deny the remaining factual allegations as set forth in Paragraph 15 of Plaintiffs' Second Amended Original Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the factual allegations in Paragraphs 16, 17, 18, 19, 20, and 21 of Plaintiff's Second Amended Original Complaint.

12. Defendants deny Plaintiff's suspension was unlawful, without merit, and unsupported by evidence. Defendants admit the remaining factual allegations as set forth in Paragraph 22 of Plaintiff's Second Amended Original Complaint.

13. Defendants deny the factual allegations as set forth in Paragraph 23 of Plaintiff's Second Amended Original Complaint.

14. Defendants admit an arbitration hearing was held in connection with Plaintiff's appeal, and witnesses were presented at said hearing. Defendants admit the arbitrator found there was probable cause to arrest Gomez for public intoxication; however, Defendants deny the arbitrator reached the correct decision and further deny the Plaintiff had probable cause to arrest Gomez for public intoxication. Defendants deny the remaining factual allegations set for in Paragraph 24 of Plaintiff's Second Amended Original Complaint.

15. Defendants admit the factual allegations as set forth in Paragraph 25 of Plaintiff's Second Amended Original Complaint.

16. Defendants admit Plaintiff was indicted by the Cameron County District Attorney's Office, and was suspended from his duties. Defendants deny the remaining factual allegations as set forth in Paragraph 26 of Plaintiff's Second Amended Original Complaint.

17. Defendants admit Reyna resigned as Chief of Police and Garcia replaced him. Defendants deny the remaining factual allegations as set forth in Paragraph 27 of Plaintiff's Second Amended Original Complaint.

18. Defendants admit there was a plea bargain agreement between the Cameron County District Attorney's Office and the Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining factual allegations in Paragraph 28 of Plaintiff's Second Amended Original Complaint.

19. Defendants admit Plaintiff returned to duty at the Brownsville Police Department. Defendants deny the remaining factual allegations as set forth in Paragraph 29 of Plaintiff's Second Amended Original Complaint.

20. Defendants admit the Cameron County District Attorney's Office presented the Plaintiff's criminal indictment to a jury. Defendants deny the remaining factual allegations as set forth in Paragraph 30 of Plaintiff's Second Amended Original Complaint.

21. Defendants admit that on October 2002, a judge granted a direct verdict in favor of the Plaintiff after the prosecution presented its witnesses, some of which testified at Plaintiff's arbitration hearings. Defendants deny the remaining factual allegations as set forth in Paragraph 31 of Plaintiff's Second Amended Original Complaint.

22. Defendants admit the criminal proceedings procedurally terminated in the Plaintiff's favor. Defendants deny the remaining factual allegations as set forth in Paragraph 32 of Plaintiff's Second Amended Original Complaint.

23. Defendants deny the factual allegations as set forth in Paragraphs 33, 34, 35, 36, and 37 of Plaintiff's Second Amended Original Complaint.

## II.

## AFFIRMATIVE DEFENSES

1. Plaintiff can not recover directly or indirectly from Defendants because the laws of the State of Texas and the Texas Tort Claims Act do not allow Plaintiff's claims and thus, Defendants' sovereign and individual immunity has not been waived.

2. Defendants would show that the actions of Defendants were made in good faith and in performance of their official duties as a government employee. Defendants are therefore protected by the Doctrine of Official Immunity as set forth by the Texas Supreme Court in *Lancaster v. Chambers* and section 101.026 of the Texas Tort Claims Act.

3. Defendants would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by §101.024 of the Texas Civil Practice and Remedies Code.

4. Defendants would invoke all immunities and defenses provided by the Texas Tort Claims Act; including, but not limited to, the statutory limits on damages.

5. Defendants City of Brownsville, Ben Renya, Individually and his Official Capacity; Carlos Garcia, Individually and in his Official Capacity, and James Paschall, Individually and in his Official Capacity would show that pursuant to §101.057 of the Texas Tort Claims Act, they are not liable to the Plaintiff for the reason that Plaintiff's claims are intentional torts and as such are barred.

6. Defendants hereby invoke all defenses set out under the Texas Tort Claims Act as it relates to any and all claims made by Plaintiff against these Defendants.

7. Defendants Reyna, Garcia, and Paschall, to the extent they are sued in their individual capacities, are entitled to a good-faith, qualified immunity and/or official immunity for all claims alleged against them as set out in Plaintiff's Second Amended Original Complaint under the federal doctrine of qualified immunity as is related to any state and federal claims made against them in this action.

8. Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party and Defendants herein are entitled to their attorneys fees under 42 U.S.C. section 1988.

9. Defendants would show City of Brownsville is not liable, because Plaintiff has failed to show a policy, practice, or custom officially adopted and promulgated by Cameron County that can be causally related to the alleged unconstitutional conduct of City of Brownsville as required under *Monell v. New York City Dept. of Social Servs.*, 435 U.S. 685, 693 (1978).

10. Defendants are entitled to qualified immunity from 42 U.S.C. section 1983 liability because they acted under the reasonable belief that their actions were within the course and scope of their official duties and capacity and did not violate Plaintiff's constitutional rights.

11. Defendants would show Defendants Reyna and Garcia cannot be held liable for Plaintiff's claims, because they were supervisory officials, and the Plaintiff has failed to demonstrate that their acts, or failure to act, either caused or was the *moving force* behind the Plaintiff's alleged harm. *Monell*, 436 U.S. at 692-94, 98 S. Ct. 2018; *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

12. Plaintiff has failed to set forth a constitutional violation for which his malicious prosecution claim can be based as required by *Castellano v. Fragozo*, 352 F.3d 939, (5th Cir. 2003).

13. Defendants would show there was probable cause to initiate criminal proceedings against the Plaintiff.

14. Plaintiff cannot recover any damages from Defendants in their official capacities, since such claims are already being brought against the City of Brownsville. A section 1983 suit against a governmental official in his or her official capacity is the equivalent of bringing suit against the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

15. Plaintiff's claims are barred pursuant to *Heck v. Humphrey* Doctrine.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, **City of Brownsville; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; and James Paschall, individually and in his official capacity,** pray that upon final trial and hearing hereof, Plaintiff take nothing by this suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on April 1st , 2004.

                                      Respectfully submitted,

                                      WILLETTE & GUERRA, L.L.P.
                                      1534 E. 6th Street, Suite 200
                                      Brownsville, Texas 78520
                                      Telephone: (956) 541-1846
                                      Facsimile: (956) 541-1893

                                      By: _____
                                           Charles Willette Jr.
                                           State Bar No. 21509700
                                           USDC Adm. No. 1937

                                      Melanie A. Moore
                                      State Bar No. 24014281
                                      USDC Adm. No. 32748

**Attorneys for Defendants City of Brownsville; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; and James Paschall, individually and in his official capacity.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 1st day of April, 2004, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Robert "Bobby" Garcia
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539

Mr. Michael Scott
P.O. Box 1424 W. Price No. 605
Brownsville, Texas 78520

                                                              _____
                                                               Charles Willette Jr.