United States District Court
Southern District of Texas
FILED

SEP 1 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Perez<br>*Plaintiff*<br><br>vs.<br><br>City of Brownsville, Texas; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; James Paschall, individually and in his official capacity; and Francisco Gomez<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B–03-225 |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Brownsville; Ben Reyna, individually, and in his official capacity as former Chief of Police; Carlos Garcia, individually, and in his official capacity as Chief of Police; and James Paschall, individually, and in his official capacity,** Defendants in the above-styled and numbered cause, and hereby file this their Motion to Dismiss pursuant to F.R.C.P. 12 (b)(6) and would show unto the Court the following:

### I.
### BACKGROUND

Plaintiff was a police officer employed by the Brownsville Police Department. On May 9, 2000, Plaintiff was working the graveyard shift. While on patrol, Plaintiff claims he observed a vehicle unsafely and unlawfully parked next to a fire hydrant at the intersection of 14th street and Arthur street. El Rincon de Pancho Bar is also located at this intersection. This bar is owned and

operated by Francisco Gomez, also a defendant in this lawsuit.

Plaintiff alleges that while he was trying to locate the owner of the illegally parked vehicle, Gomez approached him. Gomez became belligerent and hostile toward him. Gomez observed that Gomez displayed signs of intoxication. Plaintiff claims he convinced Gomez to return to his bar. The owner of the vehicle left the area. No other action was taken at that time.

Plaintiff alleges that later that evening, at approximately 2:00 a.m., he was at the city jail processing a prisoner. Officer Oscar Trevino advised him that an individual in the lobby wanted to speak to the Plaintiff's supervisor about him. Plaintiff went to the lobby. Plaintiff alleges that Officer Trevino told him that the individual in the lobby was publicly intoxicated. Plaintiff recognized Gomez as the bar owner with whom he had made contacted with earlier that evening. He proceeded to make contact with Gomez. Plaintiff alleges that Gomez displayed signs of intoxication. He had red, bloodshot eyes, slurred speech, odor of alcohol, and unsteady balance. Plaintiff alleges that Gomez stated that he had four or five drinks. Plaintiff placed Gomez under arrest for public intoxication. There were no witnesses to the arrest.

After the arrest, Lieutenant William Ingram and Commander Randy Dunn released Gomez on bond. Plaintiff alleges Cmdr. Dunn ordered that Gomez have someone drive him home. Plaintiff alleges that the next morning Defendant James Paschal met with the municipal court prosecutor and stated that Plaintiff had made a bad arrest. Charges against Gomez were dismissed.

Plaintiff was suspended for arresting Gomez. Plaintiff appealed the suspension. A hearing was held before an arbitrator. The arbitrator found that Plaintiff had probable cause to arrest Gomez and on June 19, 2001, Plaintiff was reinstated. Plaintiff alleges that a year after the arrest, and within days after his reinstatement, Defendants went to the Cameron County's District Attorney's Office

to seek criminal prosecution of Plaintiff. The Plaintiff alleges that as a result he was indicted and eventually tried by a jury, which resulted in a directed verdict in his favor.

It was on October 2, 2000, that Sgt. Paschall submitted the case file to the Cameron County District Attorney's Office. The District Attorney's Office reviewed the file. The District Attorney office charged the Plaintiff with two counts of official oppression and presented the case to a grand jury. The grand jury indicted the Plaintiff. The Plaintiff's criminal lawyer was Noe Garza. The Plaintiff entered into a agreement with the District Attorney's office. They decided to dismiss the criminal case if the Plaintiff would agree to resign from the police department. The Plaintiff had initially agreed to resign, but eventually changed his mind. Since the deal fell through, the DA's office decided to re-indict the Plaintiff and the grand jury indicted him a second time. Karen Fischer Betancourt was the lead prosecutor who tried the case. At the end of the state's evidence, the judge granted a directed verdict. As a result, the Plaintiff filed this civil suit against the defendants alleging malicious prosecution.

## II.

## ARGUMENT

The Plaintiff filed a Second Amended Complaint pursuant to the discussion at the Initial Scheduling Conference. That complaint states the same set of facts yet attempts to articulate a cause of action under the Fourth and Fourteenth Amendments. Plaintiff has basically conceded that there is no federal cause of action for malicious prosecution without a separate constitutional violation. The Supreme Court in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed2d 114 (1994), made it clear that in connection with a violation of one's Fourth Amendment rights, a claim for malicious prosecution could go forward. The Fifth Circuit has intimated that it would be possible

to support a claim under the Fourteenth as well. See *Castellano v. Fragozo*, 352 F.3d 939, (5th Cir. 2003). However, under either of these cases and their progeny, the facts must support a constitutional violation.

In the case at bar, Plaintiff's only claim is for malicious prosecution. There is no set of facts which support a violation of his Fourth or Fourteenth Amendments. Plaintiff has articulated those amendments, but not in retaliation to a factual scenario under what happened in this case. Indeed, Plaintiff's main argument is that there was no probable cause for prosecution. Plaintiff states that the "initiation of criminal charges resulted in Plaintiff's seizure, arrest, and detention in violation of the 4th and 14th Amendments...." The act complained of is the initiation of criminal charges, in other words malicious prosecution.

As Plaintiff has articulated no facts that would support a cause of action under the 4th or 14th Amendment as set forth in Count One of his Second Amended Complaint, Defendants are entitled to dismissal of this claim.

Count Two of his complaint attempts to support a cause of action for violation of Plaintiff's 14th Amendment due process rights. The only due process claim he could have would be under procedural due process after *Albright, supra*. Again the only facts articulated are those related to the lack of probable cause in the prosecution of the criminal charge against him. Nowhere does Plaintiff discuss the liberty or property interest specifically violated which would grant him a due process claim. Furthermore, he does not articulate what rights were not provided to him, as he had process for his employment action, and the criminal charge. Thus, it is not clear how he alleges his due process rights were violated separate from his main complaint that he was wrongly charged to begin with.

Plaintiff has done nothing more than attempt to veil his original malicious prosecution claim with references to constitutional violations, but the Court can see the claim for what it really is. By his pleading, Plaintiff chose his forum. He must now suffer the consequences.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, **City of Brownsville; Ben Reyna, individually and in his official capacity as former Chief of Police; Carlos Garcia, individually and in his official capacity as Chief of Police; and James Paschall, individually and in his official capacity,** prays that this Motion to Dismiss be granted, that Plaintiff take nothing by this suit, that his claims against Defendant be dismissed with prejudice, that Defendant be awarded its costs, and have such other and further relief, general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Melanie A. Moore
State Bar No. 24014281
USDC Adm. No. 32748

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of September, 2004, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Via CM/RRR # 7003 1680 0006 5133 5448
Mr. Robert "Bobby" Garcia
Mr. Frank Prado
Garcia & Lopez
214 West Cano
Edinburg, Texas 78539

Mr. Michael Scott
1424 W. Price No. 605
Brownsville, Texas 78520

*Eileen M. Leeds* (signature)
_____
Eileen M. Leeds

03-233 Perez: mtndismiss
Page 6