United States District Court
Southern District of Texas
FILED

SEP 2 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEREZ<br>*Plaintiff,*<br><br>vs.<br><br>CITY of BROWNSVILLE, TEXAS;<br>BEN REYNA, individually and in his<br>official capacity as former Chief of Police;<br>CARLOS GARCIA, individually and in his<br>official capacity as Chief of Police; JAMES<br>PASCAL, individually and in his official<br>capacity, and FRANCISCO GOMEZ,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-03-225 |

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FRANCISCO GOMEZ, Defendant in the above style and numbered case, and files this Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In support of which Defendant Gomez would show the Court the following:

### BACKGROUND

1.  Plaintiff was at all relevant times a police officer employed by the Brownsville Police Department. Plaintiff alleges that on or about May 9, 2000, while on duty working the graveyard shift he had an encounter with Defendant Gomez outside of a bar which was owned and operated by Defendant Gomez. This encounter did not result in the arrest of Defendant Gomez. Plaintiff further alleges that at approximately 2:00 a.m. the next morning, while he was in the city jail processing a prisoner, he was informed that an individual was in the lobby asking to speak to Plaintiff's supervisor. Plaintiff went to the lobby where he met Defendant Gomez for the second time. During this second encounter Plaintiff placed

Defendant Gomez under arrest for public intoxication.

    2.    Plaintiff alleges that Defendant Paschal, on orders from Defendant Reyna, met with the Municipal Court Prosecutor and told him that they felt the arrest of Defendant Gomez was a bad arrest. Plaintiff further alleges that the charge against Defendant Gomez was dismissed as a result of this meeting.

    3.    Plaintiff alleges that, as a result of the aforementioned actions, on July 25, 2000, he was suspended indefinitely by Defendant Reyna. Plaintiff further alleges that on June 19, 2001, an arbitrator ordered Plaintiff reinstated.

    4.    Plaintiff alleges that "defendants" enlisted the assistance of the Cameron County District Attorney's office to prosecute Plaintiff for his arrest of Defendant Gomez. Plaintiff alleges that this resulted in his being indicted and tried by a jury which resulted in a directed verdict of not guilty.

## ARGUMENT

To support a Motion for Judgment on the Pleadings "the record must negate the probability that evidence calling for a contrary result might be developed at the trial. If the pleadings, affidavits, and depositions, available when the motion for summary judgment must be ruled on, fail to resolve any crucial question, summary judgment is premature, and the case must go to trial on the points left in uncertainty." *Stanley v. Guy Scroggins Const. Co.*, 297 F.2d 374, 377 (C.A.La. 1961)(citations omitted). The sole cause of action asserted against Defendant Gomez is contained in Count One of Plaintiff's Second Amended Original Complaint. Specifically, Plaintiff alleges that Defendant Gomez "procured and caused there t bo filed a criminal complaint or cased the filing of a criminal complaint with the Cameron County District Attorney."

I

Plaintiff Alleges no facts to support this cause of action. Consequently, there are no facts for a jury to determine. Plaintiff alleges no facts that Defendant Gomez filed a criminal complaint or even went to the

2

District Attorney's office. To the contrary, in paragraph 27 on page 7, Plaintiff alleges that "GARCIA and PASCHAL" tried to enlist the assistance of the Cameron County District Attorney. There are no supporting affidavits, depositions or other pleading before this Court. The record, therefore, is void of any factual assertions to support Count One of Plaintiff's Second Amended Original Complaint.

II

Assuming, *arguendo*, that Defendant Gomez actually filed the complaint which Plaintiff alleges and that said complaint resulted in Plaintiff's being charged with the offense of official oppression the cause of action asserted by Plaintiff is not sustainable. Official oppression is defined as:

> (a) A public servant acting under color of his office or employment commits an offense if he:
>
>> (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;
>>
>> (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful; or
>>
>> (3) intentionally subjects another to sexual harassment.
>
> (b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.
>
> c) In this section, "sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature, submission to which is made a term or condition of a person's exercise or enjoyment of any right, privilege, power, or immunity, either explicitly or implicitly.
>
> (d) An offense under this section is a Class A misdemeanor. V.T.C.A., Penal Code § 39.03

Plaintiff admits that he was a public servant acting under color of his office at all relevant times. His Complaint is, therefore, frivolous and does not present this Honorable Court with a justiciable issue. Every American has an absolute and unqualified right to question, or complain of, his or her treatment by a police officer or any other public servant. The Second Amendment to the Constitution of the United States, as made

3

applicable to the States by the Fourteenth Amendment, guarantees the right of the people "to petition the Government for a redress of grievances." Defendant Gomez is not responsible for, nor can he be held accountable for, the actions of the Cameron County District Attorney. It is inconceivable that the exercise of a right guaranteed by the Constitution would carry with it civil liability.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Gomez prays that this Honorable Court will grant the relief sought herein and, further, that Defendant Gomez be awarded his costs and have such other and further relief as may be justified in law and in equity.

Respectfully submitted,

_____
Michael M. Scott
1424 W. Price Road
Suite 605
Brownsville, TX 78520
Tel: 956-546-2253
Fax: 956-546-8208

Attorney for FRANCISCO GOMEZ

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2004, a true and correct copy of this Defendant's Motion for Judgment on the Pleadings was sent via United States mail, to the attorneys of record listed below:

Willette & Guerra, L.L.P.
1534 E. 6th Street, Ste. 200
Brownsville, TX 78520

Roberto M. Garcia
Garcia & Lopez
214 West Cano
Edinburg, TX 78539

_____
Michael M. Scott